## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTIAN GUZMAN,

                    Plaintiff,

v.

ASSIC TRUCKING CO. and
CARL CEDRIC KROGER, JR.,

                    Defendants.

Case No. 2:24-cv-11817

Hon. Matthew F. Leitman

Magistrate Judge Curtis Ivy, Jr.

---

Kevin H. Seiferheld (P58016)
Alexander P. Kemp (P80963)
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575; Fax (248) 254-8081
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com

Timothy J. Clifford (P45139)
Attorneys for Defendants
Mailing     P.O. Box 64093
           St. Paul, MN 55164-0093
1441 W. Long Lake Road, Suite 305
Troy, Michigan 48098
(248) 312-7939; Fax (855) 832-2458
tcliffor@travelers.com

---

## DEFENDANTS' MOTION TO DISMISS AS A SANCTION FOR DISCOVERY VIOLATIONS OR, IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF FROM CLAIMING A LOW BACK INJURY AT TRIAL OR , IN THE ALTERNATIVE, TO ADJOURN TRIAL AND TO COMPEL PLAINTIFF TO EXECUTE AUTHORIZATIONS FOR THE RELEASE OF HIS RECORDS FROM UNDISCLOSED MEDICAL PROVIDERS

NOW COME Defendants, ASSIC TRUCKING CO. and CARL CEDRIC KOGER, JR., through their attorney, TIMOTHY J. CLIFFORD, and move pursuant to Fed. R. Civ. P. 37(c) for the dismissal of Plaintiff's claims as a sanction for discovery violations.  In the alternative, Defendants move to preclude plaintiff from

claiming a low back injury at trial.  In the alternative, Defendants move to adjourn trial and to compel Plaintiff to execute authorizations for the release of his records from his undisclosed medical providers and to reimburse them for the costs incurred in undertaking a medical canvas and filing this motion.  In support of this motion, Defendants state the following:

1.      Plaintiffs' complaint alleges third-party negligence claims against Defendants arising out of a minor motor vehicle accident on August 22, 2023, when the trailer attached to Defendant Koger's vehicle sideswiped the rear corner of the 53-foot trailer attached to Plaintiff's vehicle.

2.      This case was filed in the Wayne Circuit Court on April 23, 2024, and removed to this Court on July 15, 2024.

3.      Trial is scheduled to commence on April 14, 2026.

4.      Plaintiff has alleged that he sustained significant injuries to his low back as a result of the accident, which required a subsequent lumbar spine fusion surgery at L4-L5.  Plaintiff further claims that his treating doctors relate his injuries and post-accident surgery to the accident on August 22, 2023.

5.      In their interrogatories to Plaintiff, Defendants specifically asked him to identify any and all pre-existing conditions that affected his back in the ten-year period prior to the alleged incident.  Plaintiff responded: "While in service, I suffered from shoulder pain, knee pain which is typical for those in service.  I was diagnosed

with tinnitus and PTSD in 2019." **Exhibit B.**  Plaintiff did not disclose any prior lower back issues.

6.      Likewise, during his deposition, Defendants explicitly asked Plaintiff about any prior treatment for his low back pain:

*Q.* Before this accident did you ever have treatment for low back pain?

*A.* No treatment.  [**Exhibit C, Guzman Dep., 6/3/25, p. 26, lines 1-3.**]

7.      Contrary to the statements made by Plaintiff during discovery, Defendants have recently discovered that he had undergone low-back discectomy surgery in Virginia in May 2023, just three months before the accident at issue in this case.  **See Exhibit A, medical records.**

8.      Upon information and belief, Plaintiff did not even disclose the prior discectomy to the orthopedic surgeon who performed the post-accident fusion surgery.  In the intake questionnaire, Plaintiff identified his low back pain as starting on "8/22/23," the date of the subject accident.  **See Exhibit D**.

9.      The prior discectomy appears to have been performed at or near the L4-L5 level, as was the post-accident fusion surgery.  **See e.g., Exhibit E, March 27, 2024, imaging report** ("There is unusual appearance of the left lamina and pedicle at L4-5 which may be related to an old laminotomy."**); Exhibit F, CT scan dated 9/23/24** ("Left recess soft tissue density at the L4-5 surgical level.  This is adjacent to left laminotomy.  This could be scar material or extruded disc.")

3

10.     Plaintiff's payroll records indicate that he was off work during the weeks of May 19 and May 26, 2023.  **See Exhibit G; Exhibit L**.  This time period corroborates Defendants' discovery of the May 2023 discectomy.

11.     Plaintiff's payroll records also indicate that he was off work during the weeks of July 28, August 4, and August 11, 2023, shortly before the accident on August 22, 2023.  **See Exhibit G; Exhibit L**.

12.     After a discectomy, patients can develop various complications such as recurrent disc herniation, nerve root damage, scar tissue formation, instability, progressive degeneration and chronic pain.   Without Plaintiff's prior medical records, Defendants cannot ascertain whether Plaintiff's post-accident fusion was required because of the accident or because of Plaintiff's pre-existing issues.

13.     After discovering that Plaintiff had undergone low-back discectomy surgery in Virginia in May 2023 , Defendants retained an investigator to perform a medical canvas.  The canvas revealed that, prior to the accident, Plaintiff had treated in Virginia with the following undisclosed providers:

  a. Doctor's office:  Cooks Creek Clinic, 2323 Grace Chapel Road, Harrisonburg, VA

  b. MRI Facility:   Rockingham Radiologists LTD, 370 Neff Ave., Harrisonburg, VA

  c. Urgent Care Clinic:   Hastings Medical Clinic of Bridgewater, 110-A North Main St., Bridgewater, VA

    d. Ambulatory Surgery:  Sentara Surgery Specialists, 2006 Health Campus Dr., Harrisonburg, VA

    e. Hospital: Augusta Medical Center, 78 Medical Center Dr., Fisherville, VA

    f. Hospital: Martha Jefferson Hospital (SENTRA), 500 Martha Jefferson Dr., Charlottesville, VA

    g. Neurology:   Charlottesville Neurology and Sleep Medicine, 1410 Rolkin Ct., Ste 101, Charlottesville, VA

    h. Orthopedic:  Dr. James R. Schwartz, MD, 1555 Commerce Road, Verona, VA 24482 (Spine surgeon)  [**Exhibit H**.]

14.  In Defendant's interrogatories to Plaintiff, he was asked to identify ***all*** medical providers from whom Plaintiff sought treatment for any reason in the 10-year period prior to the alleged incident.  None of the above treaters was listed.  **See Exhibit I.**

15.  Defendants have attempted to order the newly discovered records, but Plaintiff has failed to provide executed authorizations.  **See Exhibit J**.

16.  Plaintiff's failure to disclose his prior discectomy constitutes a material omission because it directly contradicts the assertions in his interrogatory responses and his deposition testimony that (i) he never had back problems prior to the accident, and (ii) his current pain and lifestyle changes were solely caused by the incident at issue in this lawsuit.

17.    Defendants have been severely prejudiced in the preparation of their defense by Plaintiff's failure to disclose the treatment he received in Virginia prior to the accident on August 22, 2023.

18.    Without Plaintiff's complete records, Defendants cannot properly prepare for the cross-examinations of Plaintiff, his medical providers, and his economic and vocational experts, both of whom have opined that Plaintiff is disabled as a result of the accident.

19.    Defendants' preparation of their defense is further hampered because their orthopedic and radiology experts have not had the benefit of reviewing and analyzing Plaintiff's complete medical records.

20.    Fed. R. Civ. P. 26(e) requires a party to supplement its disclosure and other discovery responses "in a timely manner."

21.    Fed. R. Civ. P. 37(c) provides that the failure to comply with Rule 26(e) may result in various sanctions, including (i) dismissal of the action in whole or in part; and (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

22.    "A court is vested with wide discretion in determining an appropriate sanction under Rule 37." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015).

23.     Under the circumstances, it is clear that Plaintiff's failure to disclose the treatment he received in Virginia was intentional rather than inadvertent.

24.     Defendants have been severely prejudiced as a result of Plaintiff's intentional failure to disclose his prior low back surgery.

25.     Plaintiff's blatant and willful disregard of his obligations under the court rules justifies imposing the severe sanction of dismissing this lawsuit in its entirety.

26.     In the alternative, an appropriate sanction would be to preclude Plaintiff from asserting any claims with regard to lower back injuries allegedly incurred in the incident at issue.

27.     Should this Court decline to impose the above sanctions, this Court should enter an order compelling Plaintiff to execute the necessary authorizations to obtain the newly discovered medical records, adjourning trial until the medical records can be obtained and properly analyzed by the Defendants and their experts, and order Plaintiff to compensate Defendants for the costs incurred in retaining an investigator to conduct the medical canvas and the filing of the present motion.

28.     Defendants sought Plaintiff's concurrence in the requested relief via email on March 16, 2026, and concurrence was denied.

WHEREFORE, Defendants request that this Court enter an order dismissing Plaintiff's claims in their entirety.  In the alternative, Defendants request that this

Court enter an order precluding Plaintiff from claiming that he sustained a lower back injury in the motor vehicle accident at issue.  Should this Court decline to impose discovery sanctions, this Court should enter an order compelling Plaintiff to execute the necessary authorizations to obtain his Virginia medical records and adjourning trial to allow Defendants to obtain and review the records and to reimburse them for the costs incurred in undertaking a medical canvas and filing this motion.

LAW OFFICES OF CAROL K. METZ

Date:  March 16, 2026

　　　/s/ *Timothy J. Clifford*
Timothy J. Clifford (P45139)
Attorneys for Defendants
Mailing:   P.O. Box 64093
　　　　　　St. Paul, MN 55164-0093
1441 W. Long Lake Road, Suite 305
Troy, Michigan 48098
(248) 312-7939; Fax (855) 832-2458
tcliffor@travelers.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHRISTIAN GUZMAN,

                      Plaintiff,

v.

ASSIC TRUCKING CO. and
CARL CEDRIC KROGER, JR.,

                      Defendants.

Case No. 2:24-cv-11817
Hon. Matthew F. Leitman

Magistrate Judge Curtis Ivy, Jr.

---

Kevin H. Seiferheld (P58016)
Alexander P. Kemp (P80963)
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575; Fax (248) 254-8081
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com

Timothy J. Clifford (P45139)
Attorneys for Defendants
Mailing    P.O. Box 64093
           St. Paul, MN 55164-0093
1441 W. Long Lake Road, Suite 305
Troy, Michigan 48098
(248) 312-7939; Fax (855) 832-2458
tcliffor@travelers.com

---

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AS A SANCTION FOR**
**DISCOVERY VIOLATIONS OR, IN THE ALTERNATIVE, TO**
**PRECLUDE PLAINTIFF FROM CLAIMING A LOW BACK INJURY**
**AT TRIAL OR , IN THE ALTERNATIVE, TO ADJOURN**
**TRIAL AND TO COMPEL PLAINTIFF TO EXECUTE**
**AUTHORIZATIONS FOR THE RELEASE OF HIS RECORDS**
**FROM UNDISCLOSED MEDICAL PROVIDERS**

## STATEMENT OF THE ISSUES PRESENTED

I.      Should this Court dismiss Plaintiff's action in its entirety for failing to supplement his discovery responses and deposition testimony to disclose his prior back surgery and medical treaters?

II.     In the alternative, should this Court preclude Plaintiff from claiming that he sustained a lower back injury in the motor vehicle accident at issue?

III.    In the alternative, should this Court adjourn trial, compel Plaintiff to immediately execute authorizations for release of the records of all of his undisclosed medical providers, and order Plaintiff to reimburse Defendants for the costs incurred because of his discovery violations?

## MOST APPROPRIATE AUTHORITIES

**Cases:**

*Bell v. Automobile Club of Mich.*, 80 F.R.D. 228 (E.D. Mich. 1978)

*Carpenter v. City of Flint*, 723 F.3d. 700 (6th Cir. 2013)

*Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893 (S.D. Ohio 2015)

*Mohammed v. Union Carbide Corp.*, 606 F. Supp. 252 (E.D. Mich 1985)

*Projects Management Co. v. Dyncorp Int'l LLC*, 734 F.3d 366 (4th Cir. 2013)

*Schafer v. City of Defiance Police Dept.*, 529 F 3d 731 (6th Cir. 2008)

*Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001)

*U.S. v. Shaffer Equipment Co.*, 11 F.3d 450 (4th Cir. 1993)

*United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002)

*Virzi v. Grand Trunk Warehouse & Cold Storage Co.*, 571 F. Supp. 507 (E.D. Mich. 1983)


**Federal Court Rules:**

Fed. R. Civ. P. 26 (e)

Fed. R. Civ. P. 37(c)

Fed. R. Civ. P. 37(b)(2)(A) (i)–(v)

## STATEMENT OF FACTS

On August 22, 2023, both Plaintiff and Defendant Koger were operating vehicles with attached trailers on I-375 freeway in Detroit.  Plaintiff was driving a Volvo truck with a trailer.  Defendant Koger was driving a tractor-trailer in the course and scope of his employment with Defendant Assic Trucking Company.

Plaintiff was stopped in traffic in the right lane.  Defendant Koger was in the middle lane. As Defendant Koger approached Plaintiff's vehicle, he noticed that Plaintiff's trailer was partially in his lane, but he thought he could avoid the impact. Unfortunately, as he attempted to drive by, the trailer attached to his vehicle sideswiped the rear corner of the 53-foot trailer attached to Plaintiff's vehicle.

Post-incident photographs show minimal damage to the trailer attached to Plaintiff's truck.



Likewise, there was minimal damage to the trailer attached to Defendant Koger's tractor.

1



According to the police report, no injuries were reported, and both vehicles were drivable.  **See Exhibit K.**

Plaintiff initiated this lawsuit in the Wayne Circuit Court on April 23, 2024. He alleges that he sustained significant injuries to his low back as a result of the accident, which necessitated a lumbar spine fusion surgery at L4-L5 on March 27, 2024.

Thereafter, Defendants removed the case to this Court.  In the course of discovery in this Court, Defendants served interrogatories to Plaintiff and asked him to identify any and all pre-existing conditions that affected his back in the ten-year period prior to the alleged incident.  Plaintiff responded: "While in service, I suffered from shoulder pain, knee pain which is typical for those in service.  I was diagnosed with tinnitus and PTSD in 2019."  **Exhibit B.**  He did not disclose any pre-accident issues with his lower back.

During his deposition, Defendants explicitly asked Plaintiff about any prior treatment for his low back pain:

2

*Q.* Before this accident did you ever have treatment for low back pain?

*A.* No treatment.  [**Exhibit C, Guzman Dep., 6/3/25, p. 26, lines 1-3.**]

However, contrary to the statements made by Plaintiff during discovery, Defendants have recently discovered that he underwent low-back discectomy surgery in Virginia in May 2023, just three months before the accident at issue in this case.  **See Exhibit A, medical records.**

Upon information and belief, Plaintiff did not even disclose the prior discectomy to the orthopedic surgeon who performed the post-accident fusion surgery.  In the intake questionnaire, Plaintiff identified his low back pain as starting on "8/22/23," the date of the subject accident.  **See Exhibit D.**

Defendants now move to dismiss this lawsuit as a sanction for Plaintiff's failure to disclose the May 2023 discectomy surgery and his medical providers in Virginia.

## STANDARD OF REVIEW

"A court is vested with wide discretion in determining an appropriate sanction under Rule 37." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015).  Under Fed. R. Civ. P. 37(b)(2)(A), a district court may sanction parties who fail to comply the Court rules regarding supplementation in a variety of ways including dismissal of the party's claims.  The Court considers four factors when determining whether to impose a Rule 37(b)

3

dismissal, none of which is dispositive:  "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

"[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 462-463 (4th Cir. 1993).

## ARGUMENT

I.  **Plaintiff's failure to disclose his significant pre-existing back condition, prior surgery, and multiple medical providers constitutes an egregious violation of his duty to provide truthful and accurate information and therefore warrants the severe sanction of dismissal of his claims in their entirety.**

Plaintiff's failure to disclose the May 2023 back surgery and his medical providers in Virginia is clearly intentional rather than inadvertent.  He cannot plausibly argue that he ***forgot*** a low-back discectomy surgery in Virginia that occurred three months before the minor accident at issue in this lawsuit.

Significantly, Plaintiff's payroll records indicate that he was off work for two weeks in May 2023.  **See Exhibit G; Exhibit L**.  This absence from work is

4

consistent with the medical records indicating that he underwent discectomy surgery in May 2023.

Plaintiff's payroll records also reveal additional absences from work during the weeks of July 28, August 4, and August 11, 2023, which are the three weeks before the accident at issue in this lawsuit.  **See Exhibit G; Exhibit L**.  On the available evidence, it is entirely possible that these absences were necessitated by common post-discectomy issues such as recurrent disc herniation, nerve root damage, scar tissue formation, instability, progressive degeneration, and chronic pain.

The performance of the May 2023 back surgery is particularly significant because the discectomy appears to have been at or near the L4-L5 level, as was the post-accident fusion surgery on March 27, 2024.  **See e.g., Exhibit E, March 27, 2024, imaging report** ("There is unusual appearance of the left lamina and pedicle at L4-5 which may be related to an old laminotomy.")**; Exhibit F, CT scan dated 9/23/24** ("Left recess soft tissue density at the L4-5 surgical level.  This is adjacent to left laminotomy.  This could be scar material or extruded disc.")

After discovering the May 2023 surgery in Plaintiff's medical records, Defendants engaged an investigator to conduct a medical canvas to search for any undisclosed medical providers.  The completion of the investigation required considerable time and expense.  Defendants ultimately determined that Plaintiff had

treated with multiple undisclosed medical providers prior to the accident.  Those

undisclosed medical providers are listed below:

a. Doctor's office:  Cooks Creek Clinic, 2323 Grace Chapel Road, Harrisonburg, VA

b. MRI Facility:  Rockingham Radiologists LTD, 370 Neff Ave., Harrisonburg, VA

c. Urgent Care Clinic:  Hastings Medical Clinic of Bridgewater, 110-A North Main St., Bridgewater, VA

d. Ambulatory Surgery: Sentara Surgery Specialists, 2006 Health Campus Dr., Harrisonburg, VA

e. Hospital: Augusta Medical Center, 78 Medical Center Dr., Fisherville, VA

f. Hospital: Martha Jefferson Hospital (SENTRA), 500 Martha Jefferson Dr., Charlottesville, VA

g. Neurology:  Charlottesville Neurology and Sleep Medicine, 1410 Rolkin Ct., Ste 101, Charlottesville, VA

h. Orthopedic:  Dr. James R. Schwartz, MD, 1555 Commerce Road, Verona, VA 24482 (Spine surgeon)  [**Exhibit H**.]

In their interrogatories to Plaintiff, Defendants asked him to identify ***all***

medical providers from whom Plaintiff sought treatment for any reason in the 10-

year period prior to the alleged incident.  *None of the treaters identified above was*

*included in his responses.*  **See Exhibit I.**

Defendants have attempted to order the newly discovered records through its

agent, Legal Copy Services (LCS).  LCS has contacted Plaintiff's attorneys but to

date, the necessary authorizations have not been provided.  **See Exhibit J**.  This is

6

further evidence that Plaintiff has willfully and intentionally attempted to obstruct discovery in this lawsuit.

The absence of the records of Plaintiff's treatment in Virginia severely prejudices Defendants' preparation of their defense. Without the records, Defendants cannot properly prepare for the cross-examinations at trial of Plaintiff, his medical providers, and his economic and vocational experts, both of whom have opined that Plaintiff is disabled as a result of the accident. Further, Defendants have retained an orthopedic expert and a radiology expert who have not had the benefit of reviewing and analyzing Plaintiff's medical records in their entirety.

Fed. R. Civ. P. 26 (e) requires a party to supplement its disclosure and other discovery responses "in a timely manner." Fed. R. Civ. P. 37(c) states in pertinent part that the failure to comply with Rule 26(e) may result in an order informing the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

"A court is vested with wide discretion in determining an appropriate sanction under Rule 37." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015). Appropriate discovery sanctions under Rule 37(b)(2)(A) include dismissing the action in whole or in part. Other available discovery sanctions are prohibiting the disobedient party from supporting or

opposing designated claims or defenses, or from introducing designated matters in evidence.

Plaintiff had an affirmative duty to disclose his prior lower back treatment in his response to Defendants' interrogatories requesting information about Plaintiff's pre-existing conditions. He additionally had an affirmative duty to disclose his prior medical providers. He further had a duty to give a truthful response at his deposition when counsel for Defendants explicitly asked if he had ever had any treatment for low back issues prior to the accident. Plaintiff breached these dutoes by providing misleading, incomplete, and inaccurate information every time.

Furthermore, Plaintiff's attorneys have an affirmative duty to refrain from bringing claims without first conducting a reasonable inquiry into the underlying facts and law on which those claims are predicted. See, e.g., *Mohammed v. Union Carbide Corp.*, 606 F. Supp. 252, 261 (E.D. Mich 1985) (dismissing the plaintiff's defamation claims for failure to conduct any investigation prior to filing suit). The duty of a lawyer to both the Court and opposing counsel requires an attorney to disclose essential information which would affect the opposing party's and the jury's evaluations of the client's claims. *See Virzi v. Grand Trunk Warehouse & Cold Storage Co.*, 571 F. Supp. 507 (E.D. Mich. 1983). Plaintiff's attorneys also had an affirmative duty to disclose essential information which contradicted his testimony under oath, pursuant to the duty to supplement in Rule 26(e).

*Virzi* is instructive.  In that case, the plaintiff's attorney negotiated a settlement without disclosing the plaintiff's death, despite the knowledge that the defense attorney believed that the plaintiff would make an excellent witness at trial.  The Court held that this was "essential information" which the plaintiff's attorney had a duty to disclose because it had a significant bearing on the defendants' willingness to settle.  After learning of the nondisclosure, the defendants moved to set aside the settlement.  The Court agreed and set aside the settlement, reasoning:

> The handling of a lawsuit and its progress is not a game. There is an absolute duty of candor and fairness on the part of counsel to both the Court and opposing counsel.  At the same time, counsel has a duty to zealously represent his client's interests.  That zealous representation of interest, however, does not justify a withholding of essential information, such as the death of the client, when the settlement of the case is based largely upon the defense attorney's assessment of the impact the plaintiff would make upon a jury, because of his appearance at depositions.  Plaintiff's attorney clearly had a duty to disclose the death of his client both to the Court and to opposing counsel prior to negotiating the final agreement. [*Virzi*, 571 F. Supp. at 512.]

As in *Virzi*, information concerning Plaintiff's pre-existing back issues and treatment constitutes "essential information" which is relevant to the evaluation of his claims both by Defendants and the jury, and therefore it should have been disclosed in the course of discovery.  Given the direct inquiries made by Defendants regarding Plaintiff's pre-existing medical treatment, it is clear that the nondisclosure was intentional.

9

Under Fed. R. Civ. P. 37(b)(2)(A), a district court may sanction parties who fail to comply the Court rules regarding supplementation in a variety of ways including dismissal of the party's claims.  The Court considers four factors when determining whether to impose a Rule 37(b) dismissal, none of which is dispositive:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  [*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).]

The first factor—whether the party's failure is due to willfulness, bad faith, or fault—requires a clear record of delay or contumacious conduct.  *Carpenter v City of Flint*, 723 F.3d. 700, 704 (6th Cir. 2013).  The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.  *Schafer v. City of Defiance Police Dept.*, 529 F 3d 731, 737 (6th Cir. 2008).

Plaintiff filed the present lawsuit in April 2024, and the parties undertook months of discovery during which he failed to disclose his prior low back issues, including a discectomy three months before the incident at issue.  However, he did not merely fail to disclose the prior treatment; he affirmatively denied that he had any prior treatment for his low back.  **See Exhibit C, Guzman Dep., 6/3/25, p. 26, lines 1-3.**

Trial is scheduled to commence on April 14, 2026.  On this record, the only plausible conclusion is that Plaintiff would *never* have disclosed his pre-existing back issues, and Defendants' providential discovery of the May 2023 discectomy is solely attributable to counsel's diligence.   Plaintiff's material omissions and misrepresentations evince a deliberate intent to obstruct the judicial proceedings that he initiated.   His conduct demonstrates willfulness, bad faith, and fault, which weighs in favor of the severe sanction of dismissal.

The second factor—whether the defendant is prejudiced by the plaintiff's conduct, also justifies dismissal.  Prejudice is established where, because of the plaintiff's conduct, the defendant "waste[d] time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide."  *Id.*  Defendants have spent thousands of dollars and almost two years litigating this case under the assumption that Plaintiff never had any low back problems before the accident. Upon discovering a reference to the pre-accident surgery in his medical records, Defendants were forced to expend additional resources commissioning a medical canvas to search for additional treaters.

The third factor—whether the dismissed party was warned that failure to cooperate could lead to dismissal—is not a relevant factor here because Plaintiff was legally obligated to provide truthful answers to Defendants' discovery requests and in his deposition.   The duty to supplement discovery responses and deposition

11

testimony under Fed. R. Civ. P. 26(e) is self-executing, and the violation of a court order is not a prerequisite to the imposition of sanctions.  Therefore, it is not a requirement that a party be repeatedly warned that dismissal may be imposed if the party fails to abide by the duty to supplement.  Fed. R. Civ. P. 37(c).

The fourth factor requires the Court to consider whether lesser sanctions would be appropriate in lieu of dismissal.  In light of the enormity of Plaintiff's misconduct, Defendants submit that a lesser sanction would be wholly inadequate. Plaintiff's failure to disclose relevant medical information and his false statements in discovery demonstrate a deliberate attempt to subvert the judicial process.  See *Projects Management Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (noting that the imposition of discovery sanctions is intended to deter future conduct and preserve the integrity of the judicial process).

Dismissal of Plaintiff's claims in their entirety is further appropriate because Defendants have been forced to spend thousands of dollars and hundreds of hours defending a fraudulent claim.  See *Bell v. Automobile Club of Mich.*, 80 F.R.D. 228, 229 (E.D. Mich. 1978) (noting that the purposes of imposing sanctions include both punishing past discovery failures and compensating the wronged party for expenses incurred due to the opposing party's failure to properly allow discovery).

However, should this Court decline to dismiss Plaintiff's claims in their entirety, a lesser sanction is clearly warranted.  Defendants request, in the alternative,

that this Court should preclude Plaintiff from asserting at trial that he sustained any injury to his lower back in the motor vehicle accident at issue. See Fed. R. Civ. P. 37(b)(2)(A)(ii), (c)(1)(C).

If this Court declines to impose either of the above sanctions, Defendants request that the Court enter an order compelling Plaintiff to execute the necessary authorizations to obtain medical records of the newly discovered providers. Defendants further request an adjournment of trial so that they have sufficient time to receive and review the additional medical records. Finally, Defendants request that this Court order Plaintiff to reimburse them for the costs incurred in both commissioning the medical canvas and filing this motion.

## CONCLUSION

Plaintiff's failure to disclose his prior back issues and medical treatment in response to direct interrogatories and deposition questions cries out for the imposition of sanctions that punish him for his misconduct, preserve the integrity of the judicial process, and cure the prejudice to Defendants. See *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

## RELIEF REQUESTED

Defendants request that this Court enter an order dismissing Plaintiff's claims in their entirety. In the alternative, Defendants request that this Court enter an order

precluding Plaintiff from claiming that he sustained a lower back injury in the motor vehicle accident at issue.  Should this Court decline to impose discovery sanctions, this Court should enter an order compelling Plaintiff to execute the necessary authorizations to obtain his Virginia medical records and adjourning trial to allow Defendants to obtain and review the records and to reimburse them for the costs incurred in undertaking a medical canvas and filing this motion.

LAW OFFICES OF CAROL K. METZ

Date:  March 16, 2026          /s/ *Timothy J. Clifford*
Timothy J. Clifford (P45139)
Attorneys for Defendants
Mailing:   P.O. Box 64093
                St. Paul, MN 55164-0093
1441 W. Long Lake Road, Suite 305
Troy, Michigan 48098
(248) 312-7939; Fax (855) 832-2458
tcliffor@travelers.com

**PROOF OF SERVICE**

I hereby certify that on **March 16, 2026**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Kevin H. Seiferheld and Alexander P. Kemp.

/s/ Timothy J. Clifford (P45139)
Law Offices of Carol K. Metz
Mailing:  P.O. Box 64093, St. Paul, MN 55164
1441 W. Long Lake Rd., Suite 305
Troy, MI 48098
(248) 312-7939
tcliffor@travelers.com