**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTIAN GUZMAN,

Plaintiff,

vs.

Case No. 24-cv-11817
Hon. Matthew F. Leitman

ASSIC TRUCKING CO., *et al.*,

Defendants.

---

# JOINT FINAL PRETRIAL ORDER

NOW COME Plaintiff, Christian Guzman, and Defendants, Assic Trucking Co. and Carl Cerdrick Koger, Jr., by and through their undersigned counsel, and for their Joint Final Pretrial Order, state as follows:

Trial is scheduled to commence in this matter on Tuesday, October 6, 2026, at 9:00 a.m.

**1. Jurisdiction:**

The Court has subject-matter jurisdiction over Plaintiff's claims through the exercise of diversity jurisdiction since there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Removal to this Court was proper. *See* 28 U.S.C. § 1441(a); Not. of Removal, ECF No. 1, PageID.1-3.

The Court has personal jurisdiction over Defendants as the tortious acts set forth in the Complaint occurred in the State of Michigan and Defendants were conducting business in the state. *See* Mich. Comp. Laws §§ 600.705, 715.

Jurisdiction is not being contested by either party.

**2. Plaintiff's claims:**

This is a third-party auto negligence case arising out of an August 22, 2023 collision. Defendant Carl Cedrick Koger, Jr. was negligent by failing to stop within an assured clear distance and rear-ending Plaintiff's vehicle. Defendant Assic Trucking Co. is vicariously liable for Defendant Koger's negligence and is directly liable for negligently hiring, training, and supervising Defendant Koger.

As a result of the collision, Plaintiff suffered significant injuries to his lumbar spine. These injuries required Plaintiff to undergo surgery which resulted in permanent scarring. Plaintiff's treating doctors relate his injuries and need for surgery to the crash. Plaintiff's life continues to be impacted because of his injuries sustained in the collision.

**3. Defendants' claims:**

The motor vehicle accident was caused, in part, by Plaintiff when he allowed his trailer to interfere with the normal flow of traffic. Mich. Comp. Laws M.C.L.A. 257.676b. The law states that a person shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular traffic. Traffic was coming to

a stop or had stopped at a traffic signal. Plaintiff's trailer was in two lanes at the same time. Defendant Koger occupied only one lane, and he believed he could have avoided contact with Plaintiff's trailer. Defendant Koger did contact the trailer, only. The front corner of his trailer, on the passenger side, caused minor damage to his trailer and the trailer pulled by Plaintiff. The mirror on Koger's trailer was damaged. Plaintiff exited his vehicle to inspect the trailer. After speaking to the responding police officer, he hauled his trailer from Detroit to Kansas. Subsequently, he drove his truck to Virginia.

Defendant Koger did not rear-end Plaintiff's vehicle. At most, his trailer struck the rear driver's side corner of Plaintiff's 53-foot trailer.

Plaintiff's damages and injuries are disputed.

**4. Stipulation of Facts:**

1. The crash occurred on August 22, 2023 in Detroit, Michigan.

2. Defendant Assic Trucking Co. was the title owner of the subject 2020 Freightliner Cascadia.

3. Defendant Assic Trucking Co. gave Defendant Carl Cedrick Koger, Jr., permission to drive the 2020 Freightliner Cascadia at the time of the crash.

4. Defendant Carl Cedrick Koger, Jr. was employed by Defendant Assic Trucking Co. on the date of the crash.

5. Defendant Carl Cedrick Koger, Jr., was in the course and scope of his employment with Defendant Assic Trucking Co. at the time of the crash.

6. Plaintiff drove away from the accident scene and hauled his trailer to Smith Transportation located in Kansas.

7. After dropping his trailer off at Smith Transportation in Kansas, Plaintiff drove to Virginia.

8. Plaintiff did not seek emergency treatment at the scene of the accident.

**5. Issues of Fact to be Litigated:**

Plaintiff states:

1. Damages. *See* Section 10, *infra*.

Defendants state:

2. Causation.

3. Percentages of fault/comparative fault.

**6. Issues of Law to be Litigated:**

Plaintiff states:

1. Damages. *See* Section 10, *infra*.

Defendants state:

2. M.C.L.A 257.676b.

3. M.C.L.A. 500.3135 – Serious Impairment

**7. Evidence Problems Likely to Arise at Trial:**

During the previous Final Pretrial Conference held on January 12, 2026, the parties stipulated to the admission of all exhibits. *See* Mot. Hr'g and Final Pretrial Conf. Tr. 22, ECF No. 52, PageID.972.

The parties will likely stipulate to the authenticity of Plaintiff's medical and employment records so that records custodians will not be required to testify at trial to prove authenticity.

At this time, the parties do not anticipate any additional evidentiary issues at this time outside of the motions *in limine* filed by Plaintiff and decided by the Court. *See* ECF No. 44, PageID.849-50. Consistent with this Order, Plaintiff may renew its request for a spoliation instruction regarding a handwritten incident report at the close of proofs based on the evidence presented at trial.

Should additional evidentiary issues present themselves prior to trial, the parties may file a motion for leave to file additional motions *in limine*.

**8. Witnesses:**

*Plaintiff*:

Plaintiff intends to call the following witnesses at trial:

Plaintiff, Christian Guzman
Defendant, Carl Cedric Koger, Jr.
Defendant, Assic Trucking Co.
Jon Steinmetz, Assic Trucking Co.
Bobbie Beach, Assic Trucking Co.
Shawn Martin, Assic Trucking Co.
Paul Rupp, Assic Trucking Co.

*Plaintiff's lay witnesses*:

Officer W. Robinson, Badge #2590, Detroit Police Department
Adalina Guzman
Antonio Hayes
Fernandell Hayes

Nelson Guzman
Ramon Trejo
Keith Holton

*Plaintiff's treating physicians*:

Michael Kapsokavathis, D.O.
Andrew J. Fontaine, M.D.

*Plaintiff's expert witnesses*:

Timothy P. Robbins
Sarah Ford, MRC Vocational Economics, Inc.
Russ Nowiski, Traffic Reconstruction & Transportation Compliance, Inc.
Nitin V. Paranjpe, Ph.D., Paranjpe Economics, LLC,
Jaspal R. Singh, M.D, FAAPMR, CLCP

Plaintiff may call the following witnesses at trial:

Any and all witnesses necessary to rebut the Defendants' or their witnesses' testimony.

*Defendants:*

Defendant intends to call the following lay witnesses at trial:

Plaintiff Christian Guzman
Defendant Carl Koger
Jon Steinmetz- Assic Trucking Company (possible)
Officer W. Robinson #2590 (possible)
Shawn Martin, Assic Trucking Company (possible)
Paul Rupp, Assic Trucking Company (possible)
Bobbi Beach, Assic Trucking Company (possible)

Experts:

David Rossow, M.D. – Neuroradiologist
Samer G. Saqqa, D.O.- Orthopedic Surgeon
Bruce Cohen, M.D. – Psychiatry and Neurobehavioral Sciences

Guy Hostetler, MA, CRC, CDMS, ABVE/D, LPC – Vocational Rehabilitation Counselor

**9. Exhibits:**

*Plaintiff*:

Plaintiff intends to introduce the following exhibits at trial:

1. Medical Records and bills from Aksios
2. Medical Records and bills from Chiropractic Solutions
3. Medical Records and bills from Harrisonburg VA Clinic
4. Medical Records and bills from Insight Surgical Hospital
5. Medical Records and bills from Martinsburg VA Medical Center
6. Medical Records and bills from Michael Kapsokavathis, D.O.
7. Medical Records and bills from Sentra RMH Therapy Services
8. Medical Records and bills from Sentra Orthopedic & Sports Medicine Specialists
9. Medical Records and bills from Sentra RMH Medical Center Endoscopy
10. Medical Records and bills from Sentra RMH Orthopedic Center
11. Medical Records and bills from University of Michigan Hospital
12. Medical Records and bills from Valley Urgent Care and Occupational Medicine
13. Medical Records and bills from Sentra Back and Neck Specialists
14. Medical Records and bills from Jessica Thompson, RN
15. Medical Records and bills from Pain and Spine Specialists of Virginia
16. Plaintiff's tax returns
17. Plaintiff's employment records from CG Truck Services
18. Plaintiff's social security earning records
19. Defendant Carl Cedric Koger, Jr.'s employment files
20. Records from the Federal Motor Carrier Safety Administration
21. Defendant Assic Trucking's trucking files
22. Plaintiff's experts' reports.
23. Photographs of vehicle damage
24. Photographs of Plaintiff's injuries and scarring
25. Photographs of collision site
26. Diagram of collision site
27. Video of the collision
28. Photographs of Plaintiff, friends, and family
29. Blow-ups of any and all x-ray and/or MRI scans of Plaintiff

30. Blow-ups of any and all operative procedures of Plaintiff
31. Blow-ups of any and all photographs
32. Life Expectancy Tables
33. Defendants' Pleadings
34. Defendants' Answers to Interrogatories
35. Defendants' Answers to Requests for Admission
36. Defendants' Answers to Requests for Production of Documents
37. Demonstrative medical drawings used during medical testimony
38. Photograph boards of Plaintiff's injuries, friends, and family
39. Any and all demonstrative drawings or writings used during live witness testimony

Plaintiff may introduce the following exhibits if the need arises:

1. Police Report.
2. Any and all documents necessary to rebut the Defendants' or their witnesses' testimony

*Defendants:*

1. Chiropractic Solutions
2. Harrisonburg VA Clinic
3. Insight Surgical Hospital
4. Martinsburg VA Medical Center
5. Pain and Spine Specialists of Maryland
6. Sentara RMH Medical Center
7. Smith Transportation
8. University of Michigan Hospitals
9. Michigan Medicine
10. Audiology Associates of Harrisonburg
11. Photos from the accident scene
12. Smith Transportation records
13. MRI imaging and CT scans
14. Great American Insurance Company
15. Plaintiff's Answers to Interrogatories

**10. Damages:**

Plaintiff has claims for economic and non-economic damages as permitted by the Michigan No-Fault Act. *See* Mich. Comp. Laws § 500.3101 *et seq*.

Plaintiff's economic damages claim is governed by Mich. Comp. Laws § 500.3135. Plaintiff is bringing claims for lost wages for the past, present, and future. In addition, Plaintiff is bringing an economic damages claim for past, present, and future medical treatment, including a life care plan. *See* Mich. Comp. Laws § 500.3135(3)(c).

Plaintiff's noneconomic damages claim is likewise governed by section 3135 of the No-Fault Act, the current value of which is in excess of the jurisdictional minimum. The amount of damages is a question of fact for the jury.

**11. Trial:**

*A. Jury or non-jury trial:*

Jury trial.

*B. Estimated length of trial:*

Plaintiff estimates that four to five days will be required for his proofs.

Defendants estimate that two days will be required for their proofs.

**12. Settlement:**

Regarding settlement, facilitative mediation was originally scheduled; however, Defendants did not participate. Settlement discussions remain ongoing, and Plaintiff

is always open to having meaningful settlement discussions with Defendants, including at a settlement conference before the Court.

**The foregoing constitutes a duly entered Order of the Court, superseding the pleadings and governing the course of trial unless modified by further order of the Court.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026

Approved as to form and content:

/s/ Kevin H. Seiferheld
KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
LEO J. ST. AMOUR (P88642)
Michigan Auto Law, P.C.
Attorneys for Plaintiff
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
lstamour@michiganautolaw.com
esimon@michiganautolaw.com
(248) 353-7575 (phone)
(248) 254-8081 (fax)

/s/ Timothy J. Clifford (*w/ consent*)
DAVID A. BRAUER (P45220)
TIMOTHY J. CLIFFORD (P45139)
Attorneys for Defendants
dbrauer@travelers.com
tcliffor@travelers.com
(248) 312-7939 (phone)
(855) 832-2458 (fax)